**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 12 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS ATENCIO, an adult individual; GIAN CATERINE, an adult individual, also known as John Cate,<br><br>            Plaintiffs-Appellants,<br><br>  v.<br><br>TUNECORE, INC., a corporation,<br><br>            Defendant-Appellee. | No.   19-55814<br><br>D.C. No.<br>2:16-cv-01925-DMG-MRW<br><br><br>MEMORANDUM[*] |
| THOMAS ATENCIO, an adult individual; GIAN CATERINE, an adult individual, also known as John Cate,<br><br>            Plaintiffs-Appellees,<br><br>  v.<br><br>TUNECORE, INC., a corporation,<br><br>            Defendant-Appellant. | No.   19-55901<br><br>D.C. No.<br>2:16-cv-01925-DMG-MRW |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted November 16, 2020

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: RAWLINSON and HUNSAKER, Circuit Judges, and ENGLAND,** Senior District Judge.

Thomas Atencio and Gian Caterine (Plaintiffs), founders of TuneCore, Inc., received stock-option agreements in exchange for their services to TuneCore. After unsuccessfully exercising their options, Plaintiffs sued TuneCore alleging it breached the stock-option agreements and was illegally withholding Plaintiffs' wages by not allowing them to exercise their options. Following trial, the jury awarded Plaintiffs the value of their stock options. Both Plaintiffs and TuneCore appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

***Wages.*** We review de novo the district court's dismissal of Plaintiffs' wage claims under Federal Rule of Civil Procedure 12(b)(6). *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). Plaintiffs argue that under the law of the states where they reside, California and Massachusetts, the stock-option agreements are wages.[1] The stock-option agreements, however, have New York choice-of-law

___

** The Honorable Morrison C. England, Jr., United States Senior District Judge for the Eastern District of California, sitting by designation.

[1] While TuneCore arguably forfeited the right to assert that New York law was applicable under a choice-of-law analysis by never raising the issue to the district court, that forfeiture was waived by Plaintiffs on appeal. *Norwood v. Vance*, 591 F.3d 1062, 1068 (9th Cir. 2010) (holding that a party can "waive waiver" by not raising it on appeal).

2

provisions. In this diversity case, we use California's choice-of-law rules to determine what law applies. *Mortensen v. Bresnan Commc'ns, LLC*, 722 F.3d 1151, 1161 (9th Cir. 2013).

Under California law, the New York choice-of-law provisions control unless Plaintiffs show that application of New York law will be contrary to a fundamental policy of either California or Massachusetts and that those states have a greater material interest in the matter than New York. *See Wash. Mut. Bank, FA v. Superior Ct.*, 24 Cal. 4th 906, 916 (2001). Although California and Massachusetts may have a fundamental policy to regulate labor that occurs within their borders, Plaintiffs failed to show that either of these jurisdictions have a greater material interest than New York in this case. *See id.* at 917 (explaining the burden is on the party challenging the contractual choice-of-law provision). Consequently, New York law governs Plaintiffs' claims, and, as the parties concede, stock options are not "wages" under New York law. *Gilman v. Marsh & McLennan Cos.*, 868 F. Supp. 2d 118, 135 (S.D.N.Y. 2012); *Guiry v. Goldman, Sachs & Co.*, 814 N.Y.S.2d 617, 618–19 (N.Y. App. Div. 2006).

***Judicial Admission.*** In their operative complaint, Plaintiffs alleged that Atencio was entitled to $49,103.36 in damages and Caterine was entitled to $196,816.68. Plaintiffs' "[f]actual assertions in [their] pleadings . . . are considered judicial admissions conclusively binding on" them unless they amend their

3

pleadings. *Am. Title Ins. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). The district court permissibly concluded that Plaintiffs did not diligently seek leave to amend their complaint. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (noting that Federal Rule of Civil Procedure 16's "good cause" requirement primarily considers a party's diligence). Therefore, Plaintiffs are bound by their original damages allegations. *Id.*

**Summary Judgment.** TuneCore contends that the district court erred in denying its motion for summary judgment on the breach-of-contract and quantum-meruit claims. This argument "fails at the outset" because these claims were presented to and decided by the jury at trial. *Cheffins v. Stewart*, 825 F.3d 588, 596–97 (9th Cir. 2016) (citation omitted).

**Waiver.** We review de novo the district court's denial of TuneCore's motion for judgment as a matter of law against the jury's finding that Caterine did not waive his stock-option rights. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008). Construing the evidence in the light most favorable to Caterine, *id.*, the district court did not err because none of Caterine's statements in his emails to TuneCore evidenced a clear waiver of his option rights, *see Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Mgmt., L.P.*, 817 N.Y.S.2d 606, 611 (N.Y. 2006), and the jury's conclusion was not unreasonable, *Zhang v. Am. Gem Seafoods, Inc.*,

4

339 F.3d 1020, 1038 (9th Cir. 2003) ("We must accept any reasonable interpretation of the jury's actions.").

***Jury Instruction.*** Finally, TuneCore seeks remand for a new trial and argues the trial court should be directed to provide a different jury instruction regarding waiver. Because a new trial is not warranted, we need not reach this jury instruction argument. Regardless, it was not reversible error for the district court to reject TuneCore's requested waiver instruction because the given instruction fairly and correctly covered the elements of waiver. *Dang v. Cross*, 422 F.3d 800, 805 (9th Cir. 2005) ("In evaluating jury instructions, prejudicial error results when, looking to the instructions as a whole, the substance of the applicable law was [not] fairly and correctly covered." (modification in original) (citation omitted)).

**AFFIRMED.**